IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

MARK RORABECK and SOUTHERN LIGHTS FIREWORKS, INC., an Arizona corporation,

        Plaintiffs,

v.                                                            No. CIV 02-731 BB/RLP

COUNTY OF MCKINLEY, a political subdivision of the state of NEW MEXICO, EARNEST C. BECENTI, Sr., HARRY MENDOZA, and BEN SHELLY, individually and in their official capacities as County Commissioners,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court for consideration of Defendants' motion to dismiss the individual Defendants, in their individual capacities, from this case (Doc. 13). The Court has reviewed the submissions of the parties and the relevant law. For the reasons set forth below, the motion will be granted and the County Commissioner Defendants will be dismissed from the case in their individual capacities.

Plaintiffs have filed suit against Defendants as a result of a Resolution passed by the McKinley County Commission, concerning the sale of fireworks in that county. The individual county commissioners have been named as Defendants in both their individual and official capacities. The individual Defendants request that they be dismissed from the case on two grounds: legislative immunity and qualified immunity. Since the Court will grant the dismissal on the basis of legislative immunity, the Court need not address the qualified-immunity question.

Plaintiffs' complaint alleges that the resolution passed by the Commission exceeds the authority given to the Commission by statute, and is an unlawful attempt to amend an ordinance previously enacted by the Commission. Therefore, the complaint is directed only at legislative activity performed by the individual commissioners. Under both Supreme Court and Tenth Circuit law, local legislators such as county commissioners are absolutely immune from suit for their legislative activities. *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998) (local legislators are absolutely immune from suit under § 1983 for their legislative activities); *Kamplain v. Curry County Bd. of Comm'rs*, 159 F.3d 1248, 1250-51 (10th Cir. 1998) (same). Defendants' motion is therefore well-taken and will be granted.[1]

## ORDER

A Memorandum Opinion having been entered this date, it is hereby ORDERED as follows: (1) Defendants' motion to dismiss (Doc. 13) is hereby GRANTED, and the individual Defendants are dismissed from the case in their individual capacity; and (2) the stay of discovery granted by Magistrate Judge Puglisi is hereby lifted.

Dated this 18th day of August, 2003.

*/s/ Bruce D. Black*

**BRUCE D. BLACK**
United States District Judge

---

[1] Plaintiffs suggest that absolute immunity would not apply to the commissioners' administrative activities. However, the complaint contains no allegations directed at administrative activities; instead, the only allegations are that the resolution passed by the commissioners violates Plaintiffs' statutory and constitutional rights. Also, the Court notes Plaintiffs have filed a motion to amend their complaint and a proposed amended complaint naming only McKinley County as a defendant. The Court's determination of this motion to dismiss should not be construed as affecting the motion to amend in any way.

**ATTORNEYS**:

**For Plaintiffs**:
H. Vern Payne
Robert M. Hall

**For Defendants**:
William D. Slease
Jonlyn Martinez