**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MARK RORABECK, and SOUTHERN LIGHTS
FIREWORKS, INC., a New Mexico corporation,

        Plaintiffs,

vs.	No. CIV-02-0731 JB/RLP

The COUNTY OF McKINLEY, New Mexico,
a political subdivision of the State of New Mexico,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on the Plaintiffs' Motion to Amend Complaint ("Motion to Amend") (Doc. 21). The primary issue is whether the Court should deny the Motion to Amend because the new allegations contained in the Plaintiffs' proposed First Amended Complaint ("Amended Complaint") are futile. Because the Court cannot, at this stage, say that the proposed amendments would be futile, the Court will grant the motion. Leave to amend is subject to some limitation with respect to the allegations contained in Counts III and IV.

**PROCEDURAL BACKGROUND**

The Plaintiffs, Mark Rorabeck ("Rorabeck") and Southern Lights Fireworks, Inc. ("Southern Lights"), filed their original complaint in the Eleventh Judicial District Court, County of McKinley, State of New Mexico, against the Defendant County of McKinley ("County") and three County Commissioners, Earnest C. Becenti, Sr., Harry Mendoza, and Ben Shelly. The original Complaint, on its face, identified both Rorabeck and Southern Lights as Arizona citizens. The Defendants removed this case to federal court on June 24, 2002. The Notice of Removal (Doc. 1) identified

diversity of citizenship between the parties as the basis for federal jurisdiction.

In their original Complaint, the Plaintiffs requested a temporary restraining order. The Honorable Bruce Black, United States District Judge, after hearing oral arguments, denied the motion for a temporary restraining order. Judge Black based his ruling, in part, on the fact that, because the Plaintiffs could seek relief in the form of damages, they were unable to establish that they would suffer irreparable injury in the absence of extraordinary equitable relief.

On March 10, 2003, the Defendants filed a Motion to Dismiss the Individual Defendants (Doc. 13). On August 19, 2003, Judge Black entered a Memorandum Opinion and Order granting the motion (Doc. 24). During the pendency of the Motion to Dismiss, on July 11, 2003, the Plaintiffs filed their Motion to Amend, attaching a proposed pleading. The Plaintiffs' proposed Amended Complaint does not name the individual commissioners as defendants and seeks to bring new claims against the County for declaratory relief, damages for alleged violations of their rights under 42 U.S.C. § 1983, defamation of business, and violation of state constitutional and statutory rights. The Plaintiffs move to amend their complaint pursuant to Judge Black's stated reasons for the denial of the motion for a temporary restraining order and pursuant to rule 15(a) of the Federal Rules of Civil Procedure. The Defendants oppose this motion.

**STANDARD FOR DETERMINING FEDERAL JURISDICTION**

During its review of this matter, it came to the Court's attention that Southern Lights is a New Mexico corporation rather than an Arizona corporation. The Plaintiffs identified Southern Lights, for the first time in this case, as a New Mexico corporation in the caption of their Motion to Amend. The Amended Complaint also states that Southern Lights is a valid New Mexico corporation. See Amended Complaint ¶ 2, at 3. Thus, it appears that diversity of citizenship does

not exist in this case.

"A federal court's jurisdiction must clearly appear from the face of a complaint or removal petition." Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972). Although not specifically identified in the notice of removal, the County has drawn the Court's attention to a portion of the Plaintiffs' original Complaint which asserts that the Defendants "wrongfully adopted and unconstitutionally enforced" the amended ordinance and resolution at issue. See Complaint ¶ 10, at 3. Defense counsel contends that this language in the Complaint is sufficient to raise a § 1983 claim for injunctive relief. One of the Plaintiffs' co-counsel confirmed that it was also their understanding that the original Complaint raises a federal question.

During the past year, both parties, as well as the Court, have treated this case as raising a federal constitutional question. The Defendants submitted, and the Court ruled upon, a Motion to Dismiss the Individual Defendants. In the supporting memorandum, the Defendants argued that "the Plaintiffs' claims brought under 42 U.S.C. § 1983 fail" because the individual defendants are entitled to legislative and qualified immunity. Brief in Support of Motion to Dismiss at 3-4. The Plaintiffs responded by arguing that the individual defendants were not entitled to any form of immunity. The Plaintiffs did not, however, dispute that a § 1983 claim was at issue. Judge Black granted the motion, stating that the individual defendants were protected by legislative immunity and citing a Supreme Court case and a Tenth Circuit case dealing with § 1983 claims. See Memorandum Opinion and Order (Doc. 24, filed August 19, 2003).

The Defendants' failure to specify federal question jurisdiction as a ground for removal is a procedural defect, not a jurisdictional one. Courts have recognized that § 1447(c) differentiates between removals that are defective because of lack of subject-matter jurisdiction and removals that

are defective for some other reason. See Martin v. Franklin Capital Corp., 251 F.3d 1284, 1291 (10th Cir. 2001) ("For the latter kind of case, there must be a motion to remand filed no later than 30 days after the filing of the removal notice. For the former kind of case, remand may take place without such a motion and at any time." (citing Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 392 (1998))). That the notice of removal made no mention of federal question jurisdiction does not eliminate that basis of jurisdiction from the face of the Complaint.

The Plaintiffs' Complaint raised a federal question under § 1983 that conferred jurisdiction on this Court at the time of removal. Because the notice of removal contained a procedural defect, it was incumbent upon the Plaintiffs to file a motion to remand within 30 days. See 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). The Plaintiffs' failure to do so constitutes a waiver of any procedural defects in the notice of removal.

Despite that diversity jurisdiction did not exist at the time of removal, and does not currently exist, the Court is satisfied that the language of the original Complaint is sufficient to raise a federal question. At oral argument, counsel for both parties agreed that, even in the absence of the Amended Complaint, a remaining claim in this case is a § 1983 action against the County for injunctive relief. Having determined that it has jurisdiction over this matter, the Court will rule on the Plaintiffs' Motion to Amend.

## **STANDARD FOR DECIDING A MOTION TO AMEND**

Whether to grant a party an opportunity to amend a pleading rests within the Court's discretion. See Foman v. Davis, 371 U.S. 178, 182 (1962). The Court should freely give leave to

amend in the absence of a good reason not to allow amendment and when justice so requires.  See id.; Fed. R. Civ. P. 15(a).  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. at 182.

A court may deny a motion to amend for any of a variety of different reasons, including a party's undue delay; bad faith or dilatory motive on the movant's part; repeated failure to cure deficiencies by amendments previously allowed; undue prejudice to the opposing party by virtue of allowance of the amendment; and futility of the amendment.  See, e.g., id.; Porter v. County of Bernalillo, No. CIV 01-0008 PK/JHG, Memorandum Opinion and Order at 2 (D.N.M., Sept. 4, 2001) (Kelly, Circuit Judge, sitting by designation as trial judge).  A proposed amendment is futile if it would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment or a motion to dismiss.  See, e.g., Watson v. Beckel, 242 F.3d 1237, 1239-1240 (10th Cir. 2001); Gohier v. Enright, 186 F.3d 1216, 1218 (10th Cir. 1999).

**I.     THE PLAINTIFFS' MOTION IS TIMELY.**

The Plaintiffs filed their Motion to Amend more than one year after they filed their original Complaint.  The Plaintiffs also filed their motion more than one year after Judge Black denied temporary injunctive relief in part because they could be made whole through money damages.  The Defendants' Motion to Dismiss had been pending for over three months before the Plaintiffs filed their Motion to Amend their Complaint.

The Plaintiffs do not offer the Court an explanation for their delay of over twelve months in submitting their Motion to Amend.  On the other hand, the file has been relatively busy.  There has been a motion for a temporary restraining order, a hearing on the motion for temporary restraining

order, a motion to consolidate, a remand of a companion case, and a motion to dismiss. Judge Black lifted the stay of discovery on August 19, 2003. An initial scheduling conference was held on October 8, 2003. The Court entered an Initial Pre-Trial Report (Doc. 37) on October 9, 2003. Furthermore, the Court notes that the Plaintiffs filed their Motion to Amend only one day later than the time limit for amended pleadings that the parties proposed in their Provisional Discovery Plan (Doc. 12).

In its brief, the County contends that it will be severely prejudiced because the Plaintiffs have unduly delayed the filing of their Motion to Amend. At oral argument, however, defense counsel stated that severe prejudice would result only if the Plaintiffs were allowed additional amendments adding individual law enforcement officers as defendants. Such a concern does not pertain directly to this motion and would more properly be considered in the context of a future motion to add parties. Furthermore, discovery has only resumed in the last two months. Given the early stage in the case, the Court will not deny the Plaintiffs' Motion to Amend on the ground of undue delay or of prejudice to the Defendants.

## II.     THE COURT WILL GRANT LEAVE TO AMEND WITH RESPECT TO COUNT I AND COUNT II OF THE PROPOSED AMENDED COMPLAINT.

Counts I and II of the Amended Complaint seek declaratory relief and damages for violation of 42 U.S.C. § 1983, respectively. In light of the original Complaint's request for injunctive relief and the fact that a § 1983 claim presently exists in this case, the Court does not find any reason for denying leave to amend as to Counts I and II. Thus, the Court will grant leave to amend with respect to those counts of the proposed Amended Complaint.

Count I asks the Court to interpret the New Mexico Fireworks Licensing and Safety Act

("Fireworks Act"), NMSA 1978 § 60-2C-1 to § 60-2C-11, and to determine and declare the rights and obligations of the parties under that Act. Such an interpretation and determination is not significantly different than what the original Complaint would require of this Court. With respect to Count II, the Court finds that adding a claim for money damages to the existing claim for injunctive relief under § 1983 is a reasonable amendment in light of Judge Black's reasons for denying the request for a temporary restraining order. The claim for damages is based on the same conduct and subject to the same legal standards as the claim for injunctive relief stated in the original Complaint. Accordingly, the Court will allow Counts I and II.

### III. THE COURT WILL GRANT LEAVE TO AMEND WITH RESPECT TO COUNT III AND COUNT IV OF THE PROPOSED AMENDED COMPLAINT TO THE EXTENT THAT THOSE ALLEGATIONS PERTAIN TO THE CONDUCT OF LAW ENFORCEMENT OFFICERS.

Counts III and IV of the Amended Complaint state causes of action for defamation of business and violation of state constitutional and statutory rights, respectively. These new claims against the County are based in tort. As such, the New Mexico Tort Claims Act ("NMTCA") provides "the exclusive remedy . . . for any tort for which immunity has been waived under the Tort Claims Act." NMSA 1978, § 41-4-17A.

Under New Mexico law, the NMCTA provides governmental entities, such as the County, with immunity from tort liability unless the NMTCA specifically waives that immunity. See Weinstein v. City of Santa Fe, 121 N.M. 646, 649, 916 P.2d 1313, 1316 (1996); Abalos v. Bernalillo County District Attorney's Office, 105 N.M. 554, 557, 734 P.2d 794, 797 (Ct. App.), cert. quashed, 106 N.M. 35, 738 P.2d 907 (1987). The Court may not imply consent under the NMTCA, but must find it expressly within one of the Act's exceptions. See Ward v. Presbyterian Healthcare Services, 72

F. Supp. 2d 1285, 1292 (D.N.M. 1999) (citing Redding v. City of Truth or Consequences, 102 N.M. 226, 227-228, 693 P.2d 594, 595-596 (Ct. App. 1984)).

The Plaintiffs rely upon a single waiver provision in support of their contention that the NMTCA waives immunity for the claims raised in Counts III and IV of their Amended Complaint. The relevant section of the Act states that:

> The immunity granted pursuant to [the NMTCA] does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.

NMSA 1978 § 41-4-12 (emphasis added).

The Plaintiffs assert that the County officials involved in this case should be considered "law enforcement officers" for purposes of the NMTCA.[1]  The Court notes, however, that there are currently no individual defendants remaining in this lawsuit; the County is the sole defendant.[2]  Thus, the question is whether New Mexico law allows the waiver of immunity in § 41-4-12, as to law enforcement officers, to serve as a basis for an action against the County.

In California First Bank v. State, 111 N.M. 64, 801 P.2d 646 (1990), the Supreme Court of New Mexico discussed the application of § 41-4-12 in a case where none of the defendants was a

---

[1] The NMTCA defines the term "law enforcement officer" as "a full-time salaried public employee of a governmental entity whose principal duties under law are to hold in custody any person accused of a criminal offense, to maintain public order or to make arrests for crimes, or members of the national guard when called to active duty by the governor." NMSA § 41-4-3 (2003 Supp.).

[2] For this reason, the Court stated at the hearing that it would deny the Motion to Amend with respect to Count III. In preparing this opinion and order, however, the Court has reviewed additional New Mexico case law, and no longer relies upon that ground as a basis for denying the motion.

"law enforcement officer." In that case, the personal representative of several decedents and an injured minor filed suit against the New Mexico State Highway Department, the Department of Alcohol Beverage Control, the Board of Commissioners of the County of McKinley, and the City of Gallup. The plaintiff asserted that § 41-4-12 provided the necessary waiver of immunity because certain law enforcement officers, acting as agents of the defendants, had caused a fatal automobile accident by failing to enforce various liquor control laws. See id. at 66-67, 801 P.2d at 648-649. The officers were allegedly acting in accordance with a City and County policy not to interfere with drinking activity within certain bars, not to enforce liquor laws, and not to apprehend or arrest persons driving under the influence of alcohol. See id.

The Supreme Court expressly rejected the notion that § 41-4-12 allowed for direct liability against the defendants, despite that they had articulated a specific policy against enforcing liquor control laws. See id. at 68, 801 P.2d at 650. The court based its holding on that the defendants themselves were not law enforcement officers within the waiver provision of the NMTCA. See id. The court went on, however, to approve of the Court of Appeals of New Mexico's holding that the County may be vicariously liable if the law enforcement officers were acting under the actual control of the County in implementing an express County policy. See id. at 70, 801 P.2d at 652.

In light of the holding of California First Bank v. State, this Court cannot say that the Plaintiffs' claim for defamation of business would be futile. Indeed, language from the New Mexico opinion indicates otherwise. The Supreme Court in California First Bank v. State found that the complaint in that case "reasonably may be read to allege that the deputies acted as servants of the County in the specific matter of enforcement of certain laws because the deputies were implementing an express County policy." Id. The Amended Complaint in this case is no different. The Plaintiffs

9

allege that "the County, through its officers, agents, and employees impugned Plaintiffs' integrity and lawful standing . . . ." See Amended Complaint ¶ 54, at 14. Another paragraph identifies law enforcement officer involvement by alleging that the "Defendant's utilization of police powers" was without justifiable basis or cognizable legal grounds. Id. ¶ 57, at 14. Accordingly, the Court will allow the Plaintiffs to amend their complaint to add Count III for defamation of business.

The Plaintiffs' claim for violation of state constitutional and statutory rights in Count IV of the Amended Complaint is also premised on the waiver of immunity found in § 41-4-12. The California First Bank v. State decision is also instructive to the Court on this issue. In that case, the Supreme Court of New Mexico set forth a two-part test to determine when a state statute creates a right cognizable under the NMTCA: (i) whether the legislation creates a right on the part of specific individuals; and (ii) whether the legislative remedy explicitly or implicitly forecloses enforcement by private individuals through resort to the NMTCA. See California First Bank v. State, 111 N.M. at 74, 801 P.2d at 656. The Supreme Court of New Mexico reiterated and approved this test six years later. See Weinstein v. City of Santa Fe, 121 N.M. 646, 655, 916 P.2d 1313, 1322 (1996).

The first question is whether the Fireworks Act creates a right on the part of specific individuals such that its violation will waive immunity under § 41-4-12 of the NMTCA. The Fireworks Act prohibits the sale of fireworks in New Mexico by anyone who does not obtain the appropriate license or permit. See NMSA § 60-2C-3. The Fireworks Act goes on to describe the cost and procedure for obtaining such a license or permit. See id.; NMSA § 60-2C-4.

Once a seller has obtained the appropriate permit, the Fireworks Act provides that, "[p]ermissible fireworks may be sold at retail between June 20 and July 6 of each year . . . ." NMSA § 60-2C-8. In the case of extreme or severe drought conditions, municipalities can impose additional

restrictions on the sale and use of fireworks by issuing a proclamation no less than twenty days prior to a holiday for which fireworks may be sold. See NMSA 60-2C-8.1. The Court believes that these provisions, taken as a whole, may create a property right on the part of persons and entities holding licenses and permits to sell fireworks as allowed by the Fireworks Act.

The second part of the test requires this Court to determine whether the legislative remedy in the Fireworks Act explicitly or implicitly forecloses enforcement by private individuals through resort to the NMTCA. See California First Bank v. State, 111 N.M. at 74, 801 P.2d at 656. The Fireworks Act contains both a criminal penalty provision and a civil penalty provision. Neither provision addresses the issue of a violation by a municipality. Accordingly, the Court does not find that the Legislature either explicitly or implicitly foreclosed enforcement of the Fireworks Act through resort to the NMTCA. The Court notes that the Supreme Court of New Mexico has reached the same conclusion even when a statute provides that officials in violation of the statute are subject to removal from office and the imposition of fines. See Weinstein v. City of Santa Fe, 121 N.M. 646, 655, 916 P.2d 1313, 1322 (1996).

The Court notes, however, that to the extent that the NMTCA waives immunity against the claims involved in this case, such waiver applies only to injury or damages that law enforcement officers cause. Thus, the portions of Counts III and IV that do not relate to conduct by law enforcement officers would not survive a motion to dismiss, and the Court will not allow the Plaintiffs to include those allegations in the amended pleading. California First Bank's holding that direct liability can only exist when the defendant is squarely within one of the exceptions to immunity under the NMTCA precludes those portions alleging conduct on the part of the County itself.

**WHEREFORE, IT IS ORDERED** that the Plaintiffs' Motion to Amend Complaint is

granted in part and denied in part. The Plaintiffs are granted leave to amend their complaint to add all proposed counts. With respect to proposed Count III (Defamation of Business) and Count IV (Violation of State Constitutional and Statutory Rights), however, leave to amend is limited to the factual allegations that pertain to conduct by law enforcement officers rather than the County.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

H. Vern Payne
Los Lunas, New Mexico

Robert M. Hall
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*

SLEASE & MARTINEZ
William D. Slease
Jonlyn M. Martinez
Albuquerque, New Mexico

    *Attorneys for the Defendant*